RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0376p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MICHIGAN SURGERY INVESTMENT, LLC,
VEI - MICHIGAN, INC., and VISIONARY
ENTERPRISES, INC.,
          *Plaintiffs-Appellants,*

v.

MOHAMMED ARMAN, M.D., et al.,
          *Defendants-Appellees,*

OAKWOOD ENTERPRISES, INC. and OAKWOOD
HEALTHCARE, INC.,
          *Defendants.*

No. 10-1612

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 09-14656—Anna Diggs Taylor, District Judge.

Argued: October 12, 2010

Decided and Filed: December 14, 2010

Before: BATCHELDER, Chief Judge; KEITH and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Wayne C. Turner, BINGHAM McHALE LLP, Indianapolis, Indiana, for Appellants. Paul P. Asker, ASKER PERLMUTER, PLC, Farmington Hills, Michigan, for Appellees. **ON BRIEF:** K. Scott Hamilton, J. Benjamin Dolan, DICKINSON WRIGHT PLLC, Detroit, Michigan, for Appellants. Paul P. Asker, Gary E. Perlmuter, ASKER PERLMUTER, PLC, Farmington Hills, Michigan, for Appellees.

      ROGERS, J., delivered the opinion of the court, in which BATCHELDER, C.J., and KEITH, J., joined with BATCHELDER, C. J. (pp. 9–10), delivering a separate concurring opinion.

---

**OPINION**

---

ROGERS, Circuit Judge.  Plaintiff-appellant Michigan Surgery Investment, LLC and its affiliates appeal the dismissal of this civil action with prejudice after the plaintiffs had moved for voluntary dismissal without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Because the district court did not give the plaintiffs notice of its intention to dismiss with prejudice, along with an opportunity to withdraw the request for voluntary dismissal, the court should not have dismissed with prejudice.

This case arises out of a power struggle between doctors and investors for control of the Dearborn Surgery Center, an outpatient surgery center in Dearborn, Michigan. Plaintiffs are three affiliated Indiana businesses, collectively referred to here as "Michigan Surgery."  Defendants are two affiliated Michigan corporations, collectively referred to here as "Oakwood," and thirty-six individual physicians.

Michigan Surgery filed this suit against Oakwood and the thirty-six physicians on November 30, 2009, alleging various state law claims including breach of contract, breaches of fiduciary duty, and oppression of minority-share members of the Dearborn Surgery Center.  Count III of the complaint sought a declaration that an agreement between Oakwood and the thirty-six physicians was invalid as against public policy because the consideration paid to the physicians violated the federal Anti-Kickback Act, 42 U.S.C. § 1320a-7b(b).  Michigan Surgery asserted there was federal question jurisdiction on the theory that its right to have the agreement between Oakwood and the physicians declared invalid "depend[ed] on the validity, construction, or effect of federal law," under *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007).

The physicians responded by filing a parallel action against Michigan Surgery in Wayne County Circuit Court on December 29, 2009, alleging breach of contract, conversion, breach of fiduciary duty, fraud, and civil conspiracy.  The physicians also filed a timely Rule 12(b)(1) response to Michigan Surgery's complaint, arguing that the

case should be dismissed for lack of jurisdiction because Michigan Surgery's claim that the agreement between Oakwood and the physicians was invalid failed to raise a federal question under 28 U.S.C. § 1331.

On January 6, 2010, Michigan Surgery filed a motion for a temporary restraining order against the physicians, seeking to enjoin them from activities that allegedly amounted to breach of contract. The motion was denied the following day. At the hearing, the district court expressed some reservations about whether there was jurisdiction and whether Michigan Surgery had sued the proper parties. However, the court did not consider the physicians' Rule 12(b)(1) motion to dismiss.

On February 9, 2010, Michigan Surgery filed a motion for voluntary dismissal without prejudice under Rule 41(a)(2). Michigan Surgery argued that the parallel action filed by the physicians was currently pending in Wayne County Circuit Court, and that the cases should be consolidated in state court "[i]n the interest of judicial efficiency and economy." In their response to Michigan Surgery's motion for voluntary dismissal, the physicians argued that if the district court granted Michigan Surgery's motion, dismissal should be with prejudice. On March 4, 2010, Michigan Surgery and Oakwood stipulated to a dismissal without prejudice of all claims against Oakwood, leaving only the claims against the physicians.

On March 22, 2010, the district court, with a different judge now assigned to the case, held a hearing to consider the parties' pending motions to dismiss: the physicians' Rule 12(b)(1) motion to dismiss for lack of jurisdiction, and Michigan Surgery's Rule 41(a)(2) motion for voluntary dismissal without prejudice. At the conclusion of the hearing, the court dismissed the case with prejudice for lack of jurisdiction, and entered a minute entry that denied Michigan Surgery's motion for voluntary dismissal and granted, with prejudice, the physicians' motion to dismiss for lack of jurisdiction. The minute entry was followed by a March 30, 2010 written order to the same effect.

On March 25, 2010, prior to the entry of the written order, Michigan Surgery filed a motion to alter or amend the judgment, arguing that the court could not dismiss with prejudice an action for which it lacked jurisdiction. Michigan Surgery asked the

court to change its order granting the physicians' motion to dismiss for lack of jurisdiction from being with prejudice to being without prejudice. On April 1, 2010, the district court entered an amended order different from its earlier order. The amended order granted with prejudice Michigan Surgery's Rule 41(a)(2) motion for voluntary dismissal and denied the physicians' Rule 12(b)(1) motion to dismiss for lack of jurisdiction. Michigan Surgery now appeals.

The only issue on appeal is whether the district court abused its discretion by entering an order of voluntary dismissal with prejudice, without first giving Michigan Surgery notice or an opportunity to withdraw the motion and proceed with the litigation. *See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (stating the scope of review). Reversal is required here because Michigan Surgery was entitled to such notice and an opportunity to withdraw the motion before accepting a voluntary dismissal with prejudice.

The district court improperly converted Michigan Surgery's motion for voluntary dismissal without prejudice into a dismissal with prejudice because the court did not give Michigan Surgery notice of its intention to dismiss with prejudice. *See United States v. One Tract of Real Property*, 95 F.3d 422, 425-26 (6th Cir. 1996). *One Tract* laid out "three factors [that] must be considered in determining whether a court abused its discretion when it dismissed a complaint with prejudice in response to a plaintiff's request for dismissal without prejudice":

> First, the district court must give the plaintiff notice of its intention to dismiss with prejudice. Second, the plaintiff is entitled to an opportunity to be heard in opposition to dismissal with prejudice. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. This third requirement is essential because, unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation.

95 F.3d at 425-26 (citations omitted). In *One Tract*, the district court had dismissed with prejudice a civil forfeiture action brought by the United States after the government had moved for voluntary dismissal without prejudice under Rule 41(a)(2). On appeal, we

doubted the government's assertion that it did not have notice of the court's intention to dismiss with prejudice, because the government knew that the opposing party had asked for dismissal with prejudice and the opposing party had argued for dismissal with prejudice at the hearing on the government's motion. However, it was unnecessary to decide whether the first two requirements were satisfied, because the third requirement—that the plaintiff be given an opportunity to withdraw the motion and proceed with the litigation—had not been met. *Id.* at 426.

The physicians argue that the notice requirement was satisfied here because Michigan Surgery was well aware that the district court was considering dismissal with prejudice, since the physicians' response to the plaintiffs' Rule 41(a)(2) motion specifically requested that if the court granted the motion, that it dismiss with prejudice. Although we reversed in *One Tract* based on the lower court's failure to meet the third requirement, rather than the notice requirement, the "notice" and "opportunity to withdraw" requirements logically work together. The government in *One Tract* did not have a meaningful opportunity to withdraw its request for voluntary dismissal *because* it had no notice of the court's intention to dismiss with prejudice. Stated differently, at least where dismissal with prejudice is the condition, an opportunity to withdraw a request for voluntary dismissal is meaningful only after the plaintiff has been given notice of the terms on which the district court intends to condition a voluntary dismissal.

*One Tract's* requirement of "notice of the court's intention to dismiss with prejudice" thus means that the district court must inform the plaintiff that the court intends to grant a Rule 41(a)(2) motion with prejudice. *See id.* at 425. It is not enough that the plaintiff is aware that dismissal with prejudice is possible under Rule 41(a)(2), or even that the defendant has requested that any grant of a Rule 41(a)(2) motion be with prejudice. The language of Rule 41(a)(2), providing that the district court may grant a voluntary dismissal "on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), permits the court to "condition" the grant of a Rule 41(a)(2) motion on dismissal with prejudice. *See One Tract*, 95 F.3d at 425. Because dismissal with prejudice is a "term" or "condition" of voluntary dismissal, it must be presented to the plaintiff as such.

Otherwise, the plaintiff has to gamble on what the court will do. Forcing plaintiffs to forecast the terms on which a district court intends to condition a voluntary dismissal would discourage plaintiffs from filing Rule 41(a)(2) motions in the first place. Because a dismissal with prejudice precludes further litigation, a plaintiff "need not . . . accept the risk that his claim, not yet adjudicated, will be effectively rejected on its merits." *Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988).

This conclusion is supported by decisions from other circuits that have considered the issue. *See Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994); *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986); *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 368 (D.C. Cir. 1981). Thus, the plaintiffs were entitled to notice of the court's intention to dismiss with prejudice. Because the district court did not inform Michigan Surgery that it planned to grant the Rule 41(a)(2) motion with prejudice, the court's dismissal with prejudice was not proper.

Likewise, the district court did not provide Michigan Surgery with an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. *See One Tract*, 95 F.3d at 425-26. The physicians argue that the district court was not required to permit the plaintiffs to withdraw their motion because the court was going to dismiss the case anyway under Rule 12(b)(1).

However, a dismissal for lack of jurisdiction was not a foregone conclusion in this case. While the hearing on Michigan Surgery's motion for a temporary restraining order suggests that the district court had "a very serious question about subject matter jurisdiction," the court did not decide that issue, and a different judge presided over the March 22 hearing on the parties' motions to dismiss. Moreover, the physicians' argument overlooks Michigan Surgery's right to appeal a dismissal with prejudice for lack of jurisdiction. Assuming Michigan Surgery had withdrawn its Rule 41(a)(2) motion and the district court had granted the physicians' Rule 12(b)(1) motion with prejudice, that disposition could have been appealed on at least two grounds. First, Michigan Surgery thought it had a good argument that dismissal for lack of jurisdiction could not be with prejudice, because a dismissal with prejudice was equivalent to

adjudication on the merits. *See Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice."); C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2713, p. 239 (3d ed. 1998) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action."). Second, Michigan Surgery maintained that the district court *did* have jurisdiction because a federal question was "embedded" in the claim that the agreement between Oakwood and the physicians was invalid as a matter of public policy. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Michigan Surgery could have gone at least one more round in federal court if it had been given an opportunity to withdraw its motion for voluntary dismissal. And even if a dismissal for lack of jurisdiction had been upheld on appeal, Michigan Surgery could have continued litigating in state court.

The physicians rely on *GAF*, which held that the plaintiff need not have been given an opportunity to withdraw the motion because "it [was] highly unlikely" that the plaintiff would have done so. 665 F.2d at 368-69. However, in *GAF* the condition for voluntary dismissal was not dismissal with prejudice, but instead the imposition of attorneys' fees. Dismissal with prejudice is more extreme in this context than an award of attorneys' fees, because "a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits." *One Tract*, 95 F.3d at 426; *see also Marlow*, 19 F.3d at 304. Indeed, in *One Tract* we distinguished *GAF* precisely on the difference between dismissal with prejudice and voluntary dismissal with the imposition of fees. 95 F.3d at 426 n.7.

The physicians also rely on *Beard v. Sheet Metal Workers Union*, 908 F.2d 474 (9th Cir. 1990), in arguing that an opportunity to withdraw the motion was present because Michigan Surgery "should have known" of the option of withdrawing the motion. In *Beard*, the Ninth Circuit considered "whether Beard knew or should have known that pursuant to Fed. R. Civ. P. 41(a)(2) he had the option of withdrawing his motion for voluntary dismissal in lieu of accepting the dismissal on condition that he pay

the union's costs and attorneys' fees." 908 F.2d at 476. The court concluded that Beard "should have known" of this option because the requirement that the plaintiff be given an opportunity to withdraw the motion was settled law in the Ninth Circuit when Beard moved for voluntary dismissal, and because Beard had at all times been represented by counsel. *Id.* at 477.

*Beard* does not support the physicians' argument for two reasons. First, like *GAF*, *Beard* involved the imposition of attorneys' fees—not dismissal with prejudice—as a condition of voluntary dismissal. *See id.* at 476-77. More importantly, the Ninth Circuit's reasoning was that because of clear Ninth Circuit precedent, the movant both had, and knew or should have known he had, the opportunity to withdraw after learning of the court's intended condition. Whatever the state of Ninth Circuit law in this regard, the district court's order in the instant case did not provide such an opportunity.

Because the district court did not give Michigan Surgery notice of its intention to dismiss with prejudice and an opportunity to withdraw the request for voluntary dismissal, we reverse the district court's judgment and remand for proceedings consistent with this opinion.

———————————————

## CONCURRENCE

———————————————

ALICE M. BATCHELDER, Chief Judge, concurring. I am in complete agreement with the lead opinion's conclusion and reasoning. The district court's decision to dismiss, with prejudice, Michigan Surgery's claims without any notice or opportunity to withdraw the motion for voluntary dismissal is troubling, and I believe it is completely appropriate to reverse and remand. I write separately only to highlight a peculiar point of procedural history in this case which deserves additional scrutiny.

The physicians filed, as their first responsive pleading in this case, a "Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(1)," arguing a lack of subject matter jurisdiction. After Michigan Surgery filed its Amended Complaint, the physicians filed a second "Motion for Summary Judgment," again arguing lack of subject matter jurisdiction. Prior to the resolution of the physicians' second motion, Michigan Surgery filed its motion for voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) requires permission of the court, and the question before us is whether the district court erred in its grant of Michigan Surgery's motion with prejudice. However, it is not clear that Rule 41(a)(2) was the correct rule to apply in this case.

Prior to the filing of an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss its claims without obtaining permission of the court, and that dismissal would be without prejudice. Fed. R. Civ. P. 41(a)(1). Only after an answer or motion for summary judgment has been filed does the plaintiff require the permission of the opposing party or the court to dismiss the claims. Fed. R. Civ. P. 41(a)(1)-(2). The physicians' motion was not a motion for summary judgment, regardless of the title chosen by the physicians,[1] so when Michigan Surgery filed its motion for voluntary dismissal, the physicians had filed nothing with the court that would have precluded

---

[1] The physicians' choice to label as a motion for summary judgment what was clearly a motion to dismiss raises the specter of gamesmanship on the part of the physicians, forcing Michigan Surgery to expend additional resources in order to obtain permission of the court for voluntary dismissal.

Michigan Surgery from dismissing their claims under Rule 41(a)(1). Interestingly, the district court treated the physicians' motion as a motion to dismiss, which it clearly was, yet the district court failed to recognize the full import of that determination. Specifically, because the physicians had filed neither an answer nor a motion for summary judgment, the district court could have, and perhaps should have, treated Michigan Surgery's motion for voluntary dismissal as having been filed under Rule 41(a)(1) and directed the dismissal of the claims under that Rule.

Having failed to do so, of course, the district court was bound to follow our prior decisions requiring notice, opportunity to be heard on the issue, and opportunity to withdraw the motion for voluntary dismissal. As the lead opinion correctly notes, the district court failed to do so, requiring reversal and remand. The concerns I raise here serve only to strengthen the arguments in favor of dismissal *without* prejudice.