ELECTRONIC CITATION: 2012 FED App. 0003P (6th Cir.)
File Name: 12b0003p.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: BRENDA J. BURER, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SILVIA VALDES REYES, | ) | |
| | ) | |
| Appellant, | ) | No. 11-8070 |
| | ) | |
| v. | ) | |
| | ) | |
| BRENDA J. BURER, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio.
Bankruptcy Case No. 10-18054.
Adv. Proceeding No. 10-1216.

Decided and Filed: March 15, 2012

Before: FULTON, HARRIS, and McIVOR, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Firooz T. Namei, McKINNEY & NAMEI, Cincinnati, Ohio, for Appellant.
Brenda Jean Burer, Hamilton, Ohio, pro se.

---

**OPINION**

---

MARCI B. McIVOR, Chief Bankruptcy Appellate Panel Judge. Silvia Valdes Reyes ("Appellant") appeals an order of the bankruptcy court dismissing her complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) "with prejudice," although she had filed a notice of dismissal "without prejudice," which the bankruptcy court treated as a motion to dismiss. The bankruptcy court record is silent on the court's reasons for dismissing the adversary proceeding with prejudice. For the reasons that follow, the Panel reverses the bankruptcy court's dismissal order and remands the case to the bankruptcy court for further proceedings.

**STATEMENT OF ISSUE**

The issue in this case is whether the bankruptcy court abused its discretion when it dismissed the adversary proceeding with prejudice without giving reasons for its ruling.

**JURISDICTION AND STANDARD OF REVIEW**

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The bankruptcy court's order dismissing a party's complaint to determine the dischargeability of a debt "with prejudice" is a final, appealable order.

A bankruptcy court's decision with respect to a motion for voluntary dismissal under Fed. R. Civ. P. 41(a), made applicable in bankruptcy by Fed. R. Bankr. P. 7041(a), is reviewed for abuse

2

of discretion. *Bridgeport Music Inc. v. Universal-MCA Music Publishing, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citations omitted). "An abuse of discretion occurs where the reviewing court has 'a definite and firm conviction that the [bankruptcy court] committed a clear error of judgment.'" *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 936 (6th Cir. 2010) (citation omitted). Under the abuse of discretion standard, the bankruptcy court's decision will only be disturbed if it "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as the issue, then there is no abuse of discretion." *B-Line, LLC v. Wingerter*, 594 F.3d at 936 (citation omitted).

## BACKGROUND

Appellant, Silvia Reyes, alleges that in the fall of 2008 her home was foreclosed upon. As a result, Appellant and her children were forced to live in a motel while she looked for housing. In August 2009, Appellant began looking for a home and entered into negotiations with Brenda Jean Burer ("Debtor/Appellee") to buy the Debtor/Appellee's trailer. Appellant and the Debtor/Appellee agreed to a sale price of $22,000. Appellant paid the Debtor/Appellee $15,000 in cash, and Appellant agreed to pay the $7,000 balance at the closing. The closing never took place, and the Debtor/Appellee never transferred the trailer to Appellant. Appellant states that after she paid the Debtor/Appellee $15,000, the Debtor/Appellee would not answer or return any of her phone calls. Upon reaching the Debtor/Appellee, Appellant informed the Debtor/Appellee that if she did not obtain possession of the trailer, she was going to ask for her money back. Appellant states that in order to get her money back, the Debtor/Appellee requested she sign a document stating that she was no longer interested in the property. Appellant signed the document, but the Debtor/Appellee never returned her money. Appellant alleges that the Debtor/Appellee subsequently had the document notarized by someone whose notary seal had been revoked four months prior. Appellant also alleges that records maintained in the Butler County Auditor's Office reveal that the Debtor/Appellee had

3

transferred title to the trailer in July 2009 and therefore was not the owner of the trailer at the time of the sale.

On December 18, 2009, Appellant filed an action in Butler County Court of Common Pleas in an attempt to recover her money. On November 29, 2010, the eve of trial, the Debtor/Appellee filed a voluntary petition under Chapter 7.

On December 20, 2010, Appellant filed a complaint under 11 U.S.C. § 523(a)(2)(A) and (a)(6), arguing that the $15,000 debt owed by the Debtor/Appellee to Appellant is nondischargeable.

On January 18, 2011, the Debtor/Appellee filed a motion to dismiss the adversary complaint pursuant to Fed. R. Civ. P. 12(b)(6), 9(b), and 8. Appellant filed a response requesting that the motion to dismiss be denied. On February 22, 2011, the bankruptcy court entered an order denying Debtor/Appellee's motion to dismiss and finding that the complaint "meets the heightened pleading standard for fraud" and "give[s] defendant fair notice of the claims against her, such that defendant should be capable of drafting an informed and responsive answer." (Adv. Proc. Docket #6).

On March 1, 2011, the Debtor/Appellee filed a motion for summary judgment. On March 24, 2011, Appellant filed a response to Debtor/Appellee's motion for summary judgment. On the same day, the Debtor/Appellee filed a motion to withdraw the motion for summary judgment.

On March 31, 2011, the Debtor/Appellee's attorney filed a motion to withdraw as counsel for the Debtor/Appellee pursuant to Local Bankruptcy Rule 2091-1(2). In the motion, counsel states in relevant part that "[s]ince the filing of the bankruptcy case and the adversarial proceeding, counsel for the Debtor has determined that continued representation of the Debtor presents significant ethical issues for counsel." (Adv. Proc. Docket #16). Moreover, after meeting with the Debtor/Appellee "counsel believes he is no longer able to prosecute Debtor's case without violating his duties as an Officer of the Court." On April 26, 2011, the bankruptcy court granted counsel's request to

withdraw. After the motion to withdraw was granted, the Debtor/Appellee continued without the representation of an attorney.

On April 28, 2011, the Debtor/Appellee filed a motion to extend the time to file a preliminary pretrial statement. The bankruptcy court granted the Debtor/Appellee's request for an extension of time until May 9, 2011.

On June 29, 2011, the bankruptcy court entered an order setting dates for the pretrial conference and the trial. The pretrial conference was scheduled for July 22, 2011, and the trial was set for August 5, 2011.

On July 11, 2011, the Debtor/Appellee filed a letter requesting a continuance of the pretrial hearing stating that she had "plans to be out of town" and was in conversations with an attorney to represent her and he was also not available on the date set for the pretrial hearing. (Adv. Proc. Docket #28). The bankruptcy court granted the Debtor/Appellee's request for a continuance. The pretrial conference was scheduled for September 23, 2011, and the trial was reset for October 7, 2011.

On October 6, 2011, the attorney representing Appellant filed a motion for a short continuance of two weeks for trial. Counsel attached a memorandum stating that counsel and the Debtor/Appellee had not been able to complete stipulations due to the Debtor/Appellee's failure to respond to phone calls and e-mails. In addition, Appellant had "encountered emergent circumstances and is not available for trial on October 7, 2011." (Adv. Proc. Docket #40). On October 6, 2011, the bankruptcy court denied the Appellant's motion for a short continuance.

On October 7, 2011, Appellant's counsel filed a notice of voluntary dismissal of the adversary case "without prejudice."[1] On October 7, 2011, Appellant's counsel appeared at the

---

[1]Unlike Rule 41 of the Ohio Rules of Civil Procedure, which permits a plaintiff to file a voluntary notice of dismissal at any time before the commencement of trial, Rule 41 of the Federal

scheduled trial date without his client. The Debtor/Appellee appeared *pro se*. At the hearing, counsel explained his reasons for filing a notice of dismissal stating that Appellant had an emergency and was unable to be reached either at her home or by phone.[2] The Debtor/Appellee did not object. The bankruptcy court treated the notice of dismissal as a motion for voluntary dismissal and responded: "Well, Mr. Namei, I will sign your order but I will not sign it without prejudice. Thank you." To which counsel responded: "Thank you." (Adv. Proc. Docket #69, Tr. of hearing held on October 7, 2011). The bankruptcy court subsequently entered an order dismissing the complaint "with prejudice" without further explanation.

## DISCUSSION

Rule 41 of the Federal Rules of Civil procedure, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7041, governs the voluntary dismissal of adversary proceedings. Fed. R. Civ. P. 41(a)(2) states the following:

> (2) *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

A voluntary dismissal pursuant to Rule 41(a)(2) is within the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). However, a dismissal with prejudice is subject to a different standard than a dismissal without

---

Rules of Civil Procedure only permits a plaintiff to file a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

[2]It is unclear from the record whether counsel's notice of dismissal was with the knowledge or consent of his client.

prejudice. In *Michigan Surgery Investment, LLC v. Arman*, 627 F.3d 572 (6th Cir. 2010), the Sixth Circuit set forth three factors to be considered in determining whether a court abused its discretion in dismissing a complaint with prejudice in response to a plaintiff's request for dismissal without prejudice.

> First, the . . . court must give the plaintiff notice of its intention to dismiss with prejudice. Second, the plaintiff is entitled to an opportunity to be heard in opposition to dismissal with prejudice. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. This third requirement is essential because, unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation.

*Michigan Surgery Investment, LLC v. Arman*, 627 F.3d at 575 (citation omitted).

The bankruptcy court failed to give any reasons as to why Appellant's adversary proceeding was dismissed with prejudice. The Panel finds the bankruptcy court abused its discretion in failing to state a reason as to why the case was dismissed with prejudice. The Panel therefore reverses the order of dismissal entered by the bankruptcy court. Consistent with the Sixth Circuit standard set forth in *Michigan Surgery Investment, LLC v. Arman*, the case is remanded for the bankruptcy court to hold a hearing for the following purposes: (1) to allow the bankruptcy court to give notice to Appellant of its intention to dismiss with prejudice and state its reasons for doing so; (2) to afford Appellant the opportunity to be heard in opposition to dismissal with prejudice; and (3) to afford Appellant the opportunity to withdraw her notice of dismissal, which the bankruptcy court treated as a motion to dismiss, and proceed with the litigation.

**CONCLUSION**

For the reasons stated above, the Panel reverses the bankruptcy court's order of dismissal with prejudice, and remands the case for further proceedings consistent with this opinion.

7