*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 19b0005n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

In re: RENEGAR GOLF, LLC, aka R Golf, LLC,

*Debtor.*

No. 18-8047

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee at Nashville.
No. 3:16-bk-03262—Randal S. Mashburn, Judge.

Decided and Filed: July 24, 2019

Before: BUCHANAN, PRICE SMITH, and WISE, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:** Justin T. Campbell, THOMPSON BURTON PLLC, Franklin, Tennessee, for Trustee. Robert M. Renegar, Murfreesboro, Tennessee, pro se.

_____

## OPINION

_____

JESSICA E. PRICE SMITH, Bankruptcy Appellate Panel Judge. The issue on appeal is whether the bankruptcy court erred by declining to use its equitable powers under 11 U.S.C. § 105 to fashion a remedy for a creditor. After reviewing the record, the parties' briefs, and applicable law, the Panel concludes that the bankruptcy court did not err. Accordingly, we affirm.

## ISSUE ON APPEAL

The appellant presents the following issue: "Did the Court err when it constrained itself to the black letter of the law and failed to exercise its judicial discretion as a court of equity under 11 U.S.C. § 105(a), thereby applying principles of equity to correct the obvious injustice in this matter?" (Statement of Issues, *In re Renegar Golf, LLC*, Case No. 16-03262 ECF No. 95 (Bankr. M.D. Tenn.).)[1]

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to decide this appeal, as authorized by the United States District Court for the Middle District of Tennessee. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). For an appeal, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. U.S.*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (internal quotation & citation omitted). The order overruling the objection to the trustee's final report and authorizing the trustee to distribute the estate assets effectively ended this case on the merits. There is nothing further for the court to do. The case only remains open due to the appeal.

A bankruptcy court's use of its equitable powers under 11 U.S.C. § 105 is reviewed for an abuse of discretion. *See Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629, 633 (6th Cir. 1994); *In re New Ctr. Hosp.*, 187 B.R. 560, 572 (E.D. Mich. 1995) ("Equitable discretionary powers of the Bankruptcy Court are reviewed using an 'abuse of discretion' standard.").

> "An abuse of discretion occurs where the reviewing court has 'a definite and firm conviction that the [bankruptcy court] committed a clear error of judgment.'" *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 936 (6th Cir. 2010) (citation omitted). Under the abuse of discretion standard, the bankruptcy court's decision will only be disturbed if it "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

*In re Burer*, 467 B.R. 109, 111 (B.A.P. 6th Cir. 2012).

---

[1] All ECF citations contained herein refer to the docket in *In re Renegar Golf, LLC*, Case No. 16-03262 (Bankr. M.D. Tenn.), unless otherwise indicated.

**FACTS**

Renegar Golf, LLC filed a voluntary chapter 7 bankruptcy petition on May 5, 2016. On that same date, the court appointed T. Larry Edmondson as trustee (the "Trustee"). On September 28, 2016, the Trustee filed a Motion and Notice to Sell Property Free and Clear of Liens. On November 8, 2016, the bankruptcy court approved the sale. No one appealed the order allowing the sale.

Over the course of the case, the Trustee filed adversary proceedings to recover possible preferential transfers. Through settlements, the Trustee brought funds into the bankruptcy estate. No one appealed the orders approving the settlements.

Throughout the proceedings, the Trustee submitted interim reports. On September 27, 2018, the Trustee submitted his Final Report and Application for Compensation ("Final Report"). On October 28, 2018, appellant Robert M. Renegar, a creditor, objected to the Final Report. In his objection, Renegar states that he "makes no objection to the Trustee's claim for compensation due from his services as requested of the Court." (Creditor Robert M. Renegar's Objection to the Trustee's Final Report and Motion for Proposed Disposition of Assets in the Above Case at 2, ECF No. 81.) Renegar did, however, object "to the Trustee's recommended Pro-Rata distribution of estate assets among all creditors[.]" (*Id*.) Renegar argues that a pro-rata distribution is unfair because it awards the perpetrators of an abuse of the bankruptcy process more than 70% of the estate proceeds. (*Id*. at 12.)

Renegar asserts that Crom Carmichael ("Carmichael"), one of Renegar Golf's three board members, forced Renegar out of the company through an acrimonious buy-out, then quickly defaulted on the buy-out agreement and filed a no-asset bankruptcy case. Renegar alleges that the company had been solvent prior to the bankruptcy filing, and the principals of the company fraudulently misrepresented the company's financial condition at the time of the filing. Carmichael was the successful bidder for the estate assets, including patents for golf equipment developed by Renegar.

The bankruptcy court held a hearing on Renegar's objection on November 6, 2018. On November 9, 2018, the bankruptcy court entered its order overruling the objection and approving the distribution of estate assets. On November 25, 2018, Renegar timely filed a notice of appeal.

## DISCUSSION

1. <u>The bankruptcy court did not err by declining to use its equitable powers under 11 U.S.C. § 105 to fashion a remedy for Renegar.</u>

Renegar argues that the bankruptcy court should have exercised its discretionary power under 11 U.S.C. § 105 to reject the pro-rata distribution proposed by the Trustee and instead require a distribution which favors him. He asserts that a distribution which favors him would be more equitable due to the other creditors' alleged malfeasance.

> Section 105 provides, in part:
>
> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

> It is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy ¶ 105.01[2], p. 105–6 (16th ed. 2013). Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. See *Morton v. Mancari*, 417 U.S. 535, 550–551, 94 S. Ct. 2474, 41 L. Ed.2d 290 (1974); *D. Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 206–208, 52 S. Ct. 322, 76 L. Ed. 704 (1932).

*Law v. Siegel*, 571 U.S 415, 421, 134 S. Ct. 1188, 1194 (2014). "We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Id.* (further citation omitted).

At the November 6 hearing, the bankruptcy court articulated the reasons that it could not sustain Renegar's objection. The bankruptcy court explained:

> [T]here's a category of assertions you've made that I would say falls more in the realm of claims against the other creditors, or at least a few of the other insider-type creditors. . . . And in that regard, there are several ways that that could theoretically come up. One is there could be an objection to their claims, but you've not filed an objection to their claims. Another way is you could sue them

in state court and that would have nothing to do with this court. And then one final way that at least theoretically, could— it could rise would be in the context of a concept called equitable subordination, which basically means that you push certain claims down to the bottom of the list until everyone else is paid.

A lot of your allegations about improper and inequitable conduct arguably would fit into that category. The problem is for you to assert that would require a separate lawsuit to be filed in this court. It requires what's called an adversary proceeding. That's not been done.

(Transcript of Hr'g held November 6, 2018 at 3:12-4:1, ECF No. 101.) The bankruptcy court offered to consider a short continuance if Renegar wanted the opportunity to file an adversary proceeding to pursue equitable subordination. Section 510(c) allows the court to equitably subordinate a claim "after notice and a hearing." To accomplish this, Federal Rule of Bankruptcy Procedure 7001(8) requires an adversary proceeding to help to ensure due process of law. Renegar declined the opportunity to file an adversary proceeding to prosecute equitable subordination claims.

The bankruptcy court may not use its equitable powers pursuant to § 105 to deprive due process of law to the creditors whose claims Renegar seeks to subordinate by giving him a remedy that he did not pursue appropriately. As the Supreme Court stated, the bankruptcy courts' equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *Law*, 571 U.S. at 421, 134 S. Ct. at 1194. The Bankruptcy Code requires Renegar to prosecute his equitable subordination claims in an adversary proceeding. By choosing not to file an adversary proceeding, Renegar failed to properly place those issues before the bankruptcy court for consideration. The bankruptcy court found that: "although some of Mr. Renegar's allegations, when viewed in the most favorable light, could theoretically lead to potential claims against various parties in other forums, no such issues were properly before this Court that could serve as a basis to sustain the objections to the final report and compensation request." (Order Overruling Objection to Trustee's Final Report and Application for Compensation, ECF No. 84.) That finding is correct. Accordingly, the bankruptcy court did not err in denying Renegar's request for equitable subordination.

2.  <u>The other requests in Renegar's appellate brief are not appropriately before this Panel.</u>

In addition to asserting that the bankruptcy court erred by not exercising its judicial discretion as a court of equity, Renegar asks this Panel to evaluate his claims on the merits and find in his favor.  Specifically, Renegar requests the Panel determine that the matter is an intentional abuse of the bankruptcy system and to "vacate entirely the findings, rulings and orders of the lower bankruptcy court, including the Trustee's pro-rata distribution of the estate assets."  (Appellant's Br. at 27, BAP Case No. 18-8047 ECF No. 11.)  Renegar also asks the Panel to re-examine the "preferential" nature of all of the company's expenditures after it defaulted on the buy-out agreement with him.  (*Id.*)  Renegar further requests that the Panel avoid the asserted "priority" of another creditor entirely.  (*Id.*)  Finally, Renegar requests that his claim be prioritized ahead of all other estate obligations, and that the Panel sua sponte award him compensatory and punitive damages based on alleged malfeasance by other creditors.  (*Id.* at 28.)

None of Renegar's demands for relief are appropriate for this Panel.  His requests require the Panel to make findings of fact, which is not appropriate for this body.  *In re Brice Rd. Developments, L.L.C.*, 392 B.R. 274, 280 (B.A.P. 6th Cir. 2008) ("This Panel is not a fact finder.").  Further, to the extent that these requests were made to the bankruptcy court, they were not presented to that court in a timely or procedurally correct manner.  In addition, several of Renegar's requests would have required an adversary proceeding, which he did not prosecute.[2] Accordingly, a remand is not appropriate.

## CONCLUSION

The order overruling Renegar's objection to the Final Report is AFFIRMED.

---

**2***See* Fed. R. Bankr. P. 7001(1) (proceeding to recover money or property); 7001(2) (proceeding to determine validity, priority or extent of lien); 7001(7) (proceeding to obtain injunction or equitable relief); 7001(8) (proceeding to subordinate claim); 7001(9) (proceeding to obtain declaratory judgment).