Brian BEARD, Sr., Plaintiff–Appellant,

v.

SHEET METAL WORKERS UNION, LOCAL 150, Defendant–Appellee.

No. 89–35594.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 1990 *.

Decided July 11, 1990.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Curman Sebree, Mercer Island, Wash., for plaintiff-appellant.

Marion G.M. Leach, F.G. Enslow & Associates, Tacoma, Wash., for defendant-appellee.

Before HALL, THOMPSON and LEAVY, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Brian Beard, Sr. ("Beard") appeals from the district court's order granting his motion for voluntary dismissal of his action against appellee Sheet Metal Workers Union, Local 150 ("the union") pursuant to Fed.R.Civ.P. 41(a)(2) and awarding appellees $2,812.40 in attorneys' fees and $48.90 in costs. Beard argues that the district court abused its discretion by failing to dismiss his complaint with prejudice and awarding costs and attorneys' fees to the union. We dismiss the appeal because this court lacks appellate jurisdiction.

I

Beard had been a member of appellee union for several years when the union sued him in Pierce County Superior Court in October 1986. The action sought enforcement of a $12,000 fine the union had levied against Beard for allegedly violating several provisions of the union's constitution and bylaws. Beard responded by filing the present action in the Western District of Washington in December 1986, alleging that the union had 1) unlawfully refused to accept his resignation and fined him $12,000 in violation of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 411–412; 2) violated the Labor Management Relations Act, 29 U.S.C. §§ 185 *et seq.;* and 3) committed pendent state tort law claims. The union filed a counterclaim alleging 1) abuse of process; 2) violation of Fed.R.Civ.P. 11; and 3) that Beard's action was frivolous and advanced without reasonable cause.

In July 1987, Beard filed a motion to dismiss his action with prejudice and without costs to either party. By way of explanation, Beard's counsel simultaneously filed a certified statement in support of his client's motion which represented that Beard's claims against the union could be asserted in the state court proceeding. The court granted Beard's motion for voluntary dismissal on August 11, 1987 without specifying whether it had done so with or without prejudice and ordered Beard to reimburse the union for costs and attorneys' fees. Beard then moved the court to reconsider the award of attorneys' fees, which the district court denied on September 17, 1987. On September 21, 1987, Beard again asked the court to amend or vacate its order of dismissal, specifically requesting that the court dismiss his complaint with prejudice and without costs to either party. The district court denied this motion as well.

The district court filed its findings of fact and conclusions of law on October 29, 1987 and entered judgment on November 2, 1987, granting Beard's motion to dismiss and awarding the union $2,812.40 "as reasonable attorney fees" and $48.90 in costs. Beard filed a notice of appeal on November 30, 1987, but since the district court had not yet acted upon the union's cross-complaint, we dismissed the appeal for lack of

jurisdiction. *Beard v. Sheet Metal Workers Union, Local No. 150*, 867 F.2d 612 (9th Cir.1989). The union then moved the district court to dismiss its counterclaims, which the court did with prejudice on July 14, 1989. Beard filed a new notice of appeal on August 11, 1989.

## II

Before we can consider the merits of Beard's appeal, we must ascertain whether we have jurisdiction over this appeal. The union contends that we lack appellate jurisdiction because the order from which Beard attempts to appeal is not adverse to him. Yet we cannot address this argument until we have first considered a logically prior jurisdictional question which we raise sua sponte: whether Beard knew or should have known that pursuant to Fed.R.Civ.P. 41(a)(2) he had the option of withdrawing his motion for voluntary dismissal in lieu of accepting the dismissal on condition that he pay the union's costs and attorneys' fees. *See Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 554–55 (9th Cir.1986), *cert. denied*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987). For if Beard neither knew nor should have known of this option, we must remand to the district court in order that Beard be given the opportunity to make a choice between withdrawing his motion for voluntary dismissal or accepting the conditional voluntary dismissal. *See id.*

■ Rule 41(a)(2) provides in relevant part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R. Civ.P. 41(a)(2). We have held that this language effectively provides the plaintiff with " 'a reasonable period of time within which [either] to refuse the conditional voluntary dismissal by withdrawing [the] motion for dismissal or to accept the dismissal despite the imposition of conditions.' " *Id.* at 554 (quoting *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 931 (9th Cir. 1986)). The fact that the district court awarded the union costs and attorneys' fees outright, without explicitly conditioning its order of dismissal upon Beard's

payment of the costs and fees, does not change the fact that the court's award must nonetheless be considered conditional pursuant to the language of Rule 41(a)(2). *See Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930–31 (9th Cir.1986) (considering district court's dismissal conditioned upon plaintiff's payment of defendant's fees despite the fact that court had awarded such fees outright without expressly presenting plaintiff the option of withdrawing her motion for voluntary dismissal).

■ The mere fact that the order of dismissal was conditional, however, does not by itself mean that Beard understood he had *the option of withdrawing his motion* for dismissal instead of paying the union's costs and fees. Indeed, we remanded the matter in *Lau* so that the plaintiff could be explicitly presented with this option. We did so not only because the district court had failed to provide the plaintiff with the choice of withdrawing her motion for voluntary dismissal, but *also* because we had never before ruled that a plaintiff must be provided with such a choice. *Id.* at 931. The question left open by *Lau* was " 'whether a plaintiff who fails to withdraw the motion for dismissal [may] be regarded as having consented to the conditions attached.' " *Unioil*, 809 F.2d at 555 (quoting *Lau*, 792 F.2d at 931).

We considered this question in *Unioil*. There we read *"Lau* to hold that remand may be appropriate where a plaintiff neither knew *nor had reason to know* of the option of withdrawing the motion for voluntary dismissal." *Unioil*, 809 F.2d at 555 (emphasis supplied). Despite this formulation, however, our holding in *Unioil* was actually limited to the fact that plaintiffs "were plainly aware of their option to withdraw the motion for voluntary dismissal" by virtue of the fact that "they explicitly spelled out this option" in a "reply memorandum opposing defendants' request for rule 41(a)(2) conditions." *Id.*

Unfortunately, neither Beard's papers filed below nor his appellate brief betrays any understanding of this option. We are thus called upon to decide whether Beard "should have known" of this option. We believe that the answer is yes. Both *Lau* and *Unioil* were settled law in the Ninth

Circuit by the time Beard moved to dismiss this action. Moreover, Beard has been at all times represented by counsel. Given these circumstances, we conclude that Beard should have known that he had the option to withdraw his motion for voluntary dismissal despite the district court's failure to so inform him. Accordingly, remand is unnecessary.

█ We now may consider the union's claim that this court lacks appellate jurisdiction because the order of dismissal was not adverse to Beard. As an initial matter, we acknowledge the "general rule" that "a plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him." *Id.* (citations omitted). We also acknowledge our holding in *Unioil* "that a condition of costs and attorney's fees does not involve legal prejudice and therefore does not render a conditional voluntary dismissal adverse and appealable." *Id.* at 556.

Beard's appeal closely resembles the attempted appeal in *Unioil.* The only difference is that Beard appears to claim that the district court abused its discretion by dismissing his action without prejudice in spite of Beard's request that it be dismissed with prejudice.[1] Yet Beard fails to explain how this prejudiced him apart from making it easier for the court to impose the condition of costs and attorneys' fees. Assuming arguendo that Beard's reasoning is correct,[2] we nonetheless note that this is effectively the same argument that was rejected by the *Unioil* court. Consequently, we hold that we lack appellate jurisdiction because Beard was not legally prejudiced by the district court's order dismissing his complaint without prejudice and awarding the union costs and attorneys' fees.[3]

### III

The appeal in this case is DISMISSED.

---

1. Despite the fact that the district court's order did not note whether the dismissal was granted with or without prejudice; Rule 41(a)(2) states that "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." We effectuated this language without question in *Lau,* 792 F.2d at 930 & n. 1.

2. Beard's appellate brief cites *Colombrito v. Kelly,* 764 F.2d 122, 133 (2d Cir.1985), for the proposition that whereas fees may be awarded when a plaintiff's suit is dismissed without prejudice under Rule 41(a)(2), such fees are usually unavailable when the suit is dismissed with prejudice absent independent statutory authority for such an award. We have never explicitly embraced such a view, and need not address the advisability of doing so now.

3. Indeed, it appears that if anything Beard would have been prejudiced by dismissal with prejudice according to his own theory. A state

court must give res judicata effect to a prior federal judgment. *See Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1529 (9th Cir.1985). Indeed, the state court must give the prior federal judgment the same res judicata effect that it would have in federal court. *See* Degnan, *Federalized Res Judicata,* 85 Yale L.J. 741, 743–50 (1976) (explaining development of "reverse" full faith and credit).

Federal law dictates that a dismissal with prejudice bars a later suit under res judicata. *See, e.g., Smith v. Lemon,* 442 F.2d 1195 (9th Cir. 1971) (per curiam). This would be true in the present case even though part of Beard's complaint sounded in state law. *See* Degnan, *supra,* at 761–62 (quoting *Kern v. Hettinger,* 303 F.2d 333, 340 (2d Cir.1962)). Thus, if the district court had dismissed Beard's complaint with prejudice, Beard would have found himself unable to raise the same claims in the ongoing state proceeding, the very thing his lawyer claimed he wanted to do.