141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
City of Hope, Plaintiff-Appellant,
v.
Teamsters Local 631 Security Fund for Southern Nevada;
Board of Trustees of Teamsters Local 631 Security
Fund for Southern Nevada, Defendants-Appellees.
 No. 97-15988.
D.C. No. CV-96-00898-PMP.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Mar. 13, 1998.
Decided Mar. 20, 1998.
 
 Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.
 Before WHITE,** Retired Associate Justice, NOONAN and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because the parties are familiar with the factual and procedural history, we will not recount it here except as necessary to clarify our reasoning.
 
 
 3
 The district court correctly held that the City of Hope's claims were barred by res judicata. Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Res judicata involves a three-step inquiry that analyzes whether (1) the parties are the same; (2) the claims are the same; and (3) whether there has been a final judgment on the merits. All three requirements are met in this case.
 
 
 4
 The judgment entered in the Williams litigation involved the same parties for the purposes of res judicata analysis. Unrelated parties may be the functional equivalents of one another for purposes of res judicata when the second party succeeded to the first party's interest in property after the first litigation was complete. In re Schimmels, 127 F.3d 875, 881 (9th Cir.1997) (explaining the circumstances under which federal courts have found relationships sufficiently close to justify privity, including when a non-party to the original action succeeds to a party's interest in property.) The 1996 assignment of rights from Williams to City of Hope occurred two and a half years after Williams completed his initial litigation against the Fund. This assignment creates the requisite privity between the parties necessary to extend the conclusive effect of the 1993 dismissal to City of Hope. See United States v. ITT Rayonier, Inc., 627 F.2d 996, 1002 (9th Cir.1980).
 
 
 5
 The claims between the current action and Williams' 1993 suit against the Fund are virtually identical. The theories of relief are slightly different, but this is of no help to the appellant. Ninth Circuit law is clear that new or different theories of relief based on the same facts do not operate to suspend principles of res judicata. See International Union of Operating Engineers-Employers Const. Industry Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1430-31 (9th Cir.1993) (union's claim for underpayment of contributions to pension fund precluded by prior action which sought to collect delinquent payments to the fund); Constantini v. Trans World Airlines, 681 F.2d 1199, 1202 (9th Cir.1982) (allegations of conduct by the defendant which were not alleged in the prior suit are not sufficient to avoid claim preclusion). The evidence supporting each claim is the same as in the 1993 action. All relief is founded upon the same nucleus of facts, namely the actions and activities of the parties in 1992 and 1993. Thus, the claims are the same for res judicata purposes.
 
 
 6
 Finally, a dismissal with prejudice is considered a final judgment on the merits. Beard v. Sheet Metal Workers Union, Local 150, 908 F.2d 474, 477 n. 3 (9th Cir.1990); see also Wright and Miller, Federal Practice and Procedure § 2367 at 319-20 (1995) ("[d]ismissal with prejudice ... is subject to the usual rules of res judicata and is effective not only on the immediate parties but also on that parties privies.") This prong of the res judicata analysis is uncontested by the appellant.
 
 
 7
 Accordingly, res judicata operates to bar the current action, and we need not address the other arguments raised by the Defendant.
 
 
 8
 The City of Hope claimed at oral argument that it had taken another assignment from Williams that pre-dated the dismissal of the 1993 suit. This is a new argument, not raised in the briefs and unsupported by any documentation in the record. Accordingly, we decline to address it. See Kirshner v. Uniden Corp. of America, 842 F.2d 1074 (9th Cir.1988) (court will consider only the record before the trial judge when his decision was made); In re Pacific Enterprises Securities Litig., 47 F.3d 373, 379 n. 6 (9th Cir.1995) (court refused to consider argument raised only in reply brief).
 
 
 9
 We affirm the judgment of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The Honorable Byron R. White, Retired Associate Justice, United States Supreme Court, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3