**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MICROHITS, INC., a California corporation,** | No. 11-56411 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00036-PA-E |
| and | |
| **RONALD MAGNESS, an individual,** | **MEMORANDUM**[*] |
| Plaintiff, | |
| v. | |
| **DEEP DISH PRODUCTIONS, INC., a Delaware corporation,** | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 13, 2013
Pasadena, California

---

[*]     This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36-3.

Before:     **KOZINSKI**, Chief Judge, **SILVERMAN**, Circuit Judge, and
            **RAKOFF**, Senior District Judge.[**]

**1.** We have jurisdiction over the denial of Microhits's motion to withdraw its motion for voluntary dismissal. Microhits's appeal of this ruling was timely. Fed R. App. P. 4(a)(1). It also suffered sufficient injury to establish Article III standing because the district court dismissed the case with prejudice, even though Microhits had requested dismissal without prejudice. Cf. Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 556 (9th Cir. 1986).

**2.** When granting a motion for voluntary dismissal, a district court may impose "terms that [it] considers proper." Fed. R. Civ. P. 41(a)(2). These terms may include that the dismissal be with prejudice. See Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.,72 F.3d 766 (9th Cir. 1995). Where a plaintiff "knows or has reason to know that [it] may withdraw [its] motion for dismissal," it "will be deemed to have consented to the conditions . . . unless [it] withdraws [its] motion within a reasonable time." Unioil, 809 F.2d at 555. Microhits was represented by counsel, and so it should have known of its right to withdraw its motion. See Beard v.

---

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Sheet Metal Workers Union Local 150, 908 F.2d 474, 476–77 (9th Cir. 1990). Nevertheless, it waited more than two months after entry of the dismissal order to file its motion to withdraw, and more than three months after it knew the court was considering dismissal with prejudice. The district court didn't abuse its discretion in denying the motion as untimely.

**3.** We also have jurisdiction over the district court's award of attorney's fees. 28 U.S.C. § 1291. Under the Copyright Act, a district court has discretion to award fees to a prevailing party when doing so would further the purposes of the Act. 17 U.S.C. § 505; Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1120 (9th Cir. 2007). The district court's overarching rationale for awarding fees against Microhits was its belief that Microhits failed to exercise due diligence in discovering that a third party had purchased the copyright before it did. While Microhits knew there was a previous conveyance of some interest in the work to the third party, there's no evidence that Microhits knew the conveyance was a full transfer of the copyright, rather than a license. The third party purchaser never recorded the copyright with the Copyright Office, and Deep Dish doesn't argue that the conveyance was otherwise publicly available. Nor is there anything in the record that would have put Microhits on notice that it needed to obtain a copy of

the transfer document. The award of attorney's fees under these circumstances would unduly chill meritorious copyright lawsuits, which wouldn't serve the purposes of the Copyright Act. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 525–27 (1994).

Deep Dish's belated motion to file a supplemental brief is denied. The district court's denial of the motion to withdraw is **AFFIRMED**; the award of fees is **REVERSED**. **NO COSTS**.

Microhits, Inc. v. Deep Dish Productions, 11-56411

SILVERMAN, Circuit Judge, concurring in part and dissenting in part:

Ten months after the plaintiffs brought suit for copyright infringement – after substantial discovery had been conducted and just four weeks before trial was to have begun – plaintiffs moved to voluntarily dismiss their complaint because, they said, they discovered that they could not prove that they own the copyright over which they brought suit to begin with. Meantime, the defendants incurred tens of thousands of dollars in attorneys' fees defending the action. Then, after dismissing its case, plaintiff Microhits, Inc. filed an untimely "notice of withdrawal" of its motion to dismiss, causing the defendant to incur still additional attorneys' fees.

A district court has discretion to award attorneys' fees in a copyright case, *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007), and given the circumstances here, did not abuse its discretion in doing so. With all due respect, my colleagues are effectively reviewing the award de novo. I join the majority in affirming the district court's denial of the Microhits' belated notice of withdrawal, but dissent from the reversal of the attorneys' fee award. I would affirm the district court in full.