MEMORANDUM **
1. We have jurisdiction over the denial of Microhits’s motion to withdraw its motion for voluntary dismissal. Microhits’s appeal of this ruling was timely. Fed. R.App. P. 4(a)(1). It also suffered sufficient injury to establish Article III standing because the district court dismissed the case with prejudice, even though Mi-crohits had requested dismissal -without prejudice. Cf. Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 556 (9th Cir.1986).
2. When granting a motion for voluntary dismissal, a district court may impose “terms that [it] considers proper.” Fed. R.Civ.P. 41(a)(2). These terms may include that the dismissal be with prejudice. See Burnette v. Godshall, 828 F.Supp. 1439, 1443 (N.D.Cal.1993), aff'd sub nom., Burnette v. Lockheed Missiles & Space Co., 72 F.3d 766 (9th Cir.1995). Where a plaintiff “knows or has reason to know that [it] may withdraw [its] motion for dismissal,” it “will be deemed to have consented to the conditions ... unless [it] withdraws [its] motion within a reasonable time.” Unioil, 809 F.2d at 555. Microhits was represented by counsel, and so it should have known of its right to withdraw its motion. See Beard v. Sheet Metal Workers Union Local 150, 908 F.2d 474, 476-77 (9th Cir.1990). Nevertheless, it waited more than two months after entry of the dismissal order to file its motion to withdraw, and more than three months after it knew the court was considering dismissal with prejudice. The district court didn’t abuse its discretion in denying the motion as untimely.
3.We also have jurisdiction over the district court’s award of attorney’s fees. 28 U.S.C. § 1291. Under the Copyright Act, a district court has discretion to award fees to a prevailing party when doing so would further the purposes of the Act. 17 U.S.C. § 505; Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1120 (9th Cir.2007). The district court’s overarching rationale for awarding fees against Microhits was its belief that Microhits failed to exercise due diligence in discovering that a third party had purchased the copyright before it did. While Microhits knew there was a previous conveyance of some interest in the work to the third party, there’s no evidence that Microhits knew the conveyance was a full transfer of the copyright, rather than a license. The third party purchaser never recorded the copyright with the Copyright Office, and Deep Dish doesn’t argue that the conveyance was otherwise publicly available. Nor is there anything in the record that would have put Microhits on notice that it needed to obtain a copy of the transfer document. The award of attorney’s fees under these circumstances would unduly chill meritorious copyright lawsuits, which wouldn’t serve the purposes of the Copyright Act. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 525-27, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).
Deep Dish’s belated motion to file a supplemental brief is denied. The district *613 court’s denial of the motion to withdraw is AFFIRMED; the award of fees is REVERSED. NO COSTS.

 This disposition isn't appropriate for publication and isn’t precedent except as provided by 9th Cir. R. 36-3.