FILED

JUN 18 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>AGNES NICZYPORUK,<br><br>Debtor. | BAP Nos. EW-23-1166-GBS<br>EW-23-1167-GBS<br>(Related Appeals) |
| AGNES NICZYPORUK,<br>Appellant, | Bk. No. 23-00329-FPC7<br><br>Adv. No. 23-80009-FPC |
| v.<br>MICHELLE GHIDOTTI; LB-IGLOO<br>SERIES IV TRUST; U.S. BANK TRUST<br>NATIONAL ASSOCIATION, as Trustee<br>of LB-Igloo Series IV Trust; U.S. BANK<br>NATIONAL ASSOCIATION,<br>Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Eastern District of Washington
Frederick P. Corbit, Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

In these related appeals, chapter 7[1] debtor Agnes Niczyporuk ("Debtor") appeals the bankruptcy court's orders: (1) granting summary judgment and dismissing with prejudice her adversary complaint, which sought injunctive and declaratory relief that the named defendants— including appellees U.S. Bank Trust National Association ("US Bank"), LB-Igloo Series IV Trust, and deed of trust trustee Michelle Ghidotti (together "Appellees")—had no enforceable right to foreclose the deed of trust encumbering her residence; (2) granting stay relief for a nonjudicial foreclosure; and (3) denying Debtor's combined motion for reconsideration of summary judgment and stay relief.

The bankruptcy court held that Debtor's claims were barred by claim preclusion. The court noted that, even if Debtor's claims were not barred, she failed to raise even an inference that injunctive relief was warranted. The bankruptcy court rejected Debtor's argument that US Bank lacked standing to foreclose under state law because it provided the deed of trust assignments, copies of the original note, and a sworn declaration that it had physical possession of the original note in a secure vault in California.

On appeal, Debtor makes no argument relevant to the bankruptcy court's central holding that her suit was barred by claim preclusion. Her

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

failure to address the legal basis for the court's ruling is sufficient grounds to summarily affirm. Instead, Debtor argues that, based on her presumption that the original note was lost, she demonstrated a material issue of fact about the existence and possession of the note. But because Debtor offered no evidence to contravene US Bank's documents or declaration, she did not establish a genuine issue of fact.

Debtor also offers no argument relevant to the court's order granting stay relief or to its orders denying her motions for reconsideration and has thus waived those issues. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Accordingly, we AFFIRM.

## FACTS[2]

### A.    Prepetition Events

In 2008, Debtor and her husband borrowed $417,000 from Countrywide Home Loans, Inc. ("Countrywide") to refinance an existing mortgage on their home in Spokane, Washington. They secured the loan with a deed of trust in favor of Countrywide, listing Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee.

The Niczyporuks fell behind on their mortgage payments in 2009 and unsuccessfully attempted to obtain a loan modification. In 2011, MERS assigned the deed of trust to Bank of America, N.A. ("BofA"). Due to a

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and main case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

pending foreclosure and a suit filed against them by their homeowners' association, the Niczyporuks filed a chapter 7 bankruptcy petition. They scheduled an undisputed secured debt in favor of BofA in the amount of $440,000, and they stated an intent to reaffirm the debt. The Niczyporuks did not raise any issue or claim with respect to the loan or deed of trust, and they received their discharge in 2012.

In 2013, the Niczyporuks attempted to obtain a loan modification through a state-law foreclosure mediation program. Their efforts were unsuccessful, and in 2015, BofA assigned the deed of trust to Ventures Trust 2013-I-H-R ("Ventures").

Ventures noticed a trustee's sale, and in 2016, the Niczyporuks filed suit in state court against BofA, Ventures, and others, to stop the foreclosure. They asserted violations of state consumer protection laws, and they questioned both the validity of the deed of trust assignments and whether Ventures possessed the original note. BofA removed the case to the United States District Court for the Eastern District of Washington, and the parties agreed to dismiss the case with prejudice in 2017.

Ventures then assigned the deed of trust to Wilmington Savings Fund Society, FSB ("Wilmington"). In July 2019, Wilmington agreed to a loan modification with the Niczyporuks, but the Niczyporuks made no payments on the loan after August 2019.

In 2020, Wilmington assigned the deed of trust to DLJ Mortgage Capital, Inc., which subsequently assigned it to US Bank in 2023. US Bank

4

appointed Michelle Ghidotti as successor trustee under the deed of trust and scheduled a trustee's sale for March 24, 2023.

In March 2023, the Niczyporuks filed suit in state court to stop the foreclosure. After the state court denied their request for a preliminary injunction, Debtor filed a chapter 13 petition.

## B. The bankruptcy and adversary proceeding

Initially, Debtor did not schedule her ownership interest in the residence. She stated in Schedule A/B: "I don't own it and have no equitable interest in it. I manage it and use it in the best interest of the beneficiary(ies)." She filed a chapter 13 plan disputing US Bank's lien, but after multiple objections to confirmation, Debtor voluntarily converted her case to chapter 7 and amended her schedules to include her interest in the residence.

### 1. The adversary complaint and converted motion for summary judgment

In May 2023, Debtor filed an adversary proceeding seeking: (1) a permanent injunction against nonjudicial foreclosure; (2) declaratory relief that Appellees do not have an enforceable note; and (3) damages for alleged fraud, violations of the stay in Debtor's 2012 case, and violations of state law.

In response to the adversary complaint, Appellees filed a motion to dismiss. They argued that Debtor's complaint was barred by claim preclusion based on Debtor's 2016 suit, and she should be judicially

estopped by her failure to disclose the asserted claims in her prior chapter 7 case. They further argued that Debtor lacked standing to challenge the securitization of the loan, and her "show me the note" theory failed under state law. Finally, they contended that Debtor failed to adequately plead fraud and she failed to allege any stay violation.

After Debtor moved to continue the hearing, the bankruptcy court converted the motion to dismiss to a motion for summary judgment pursuant to Civil Rule 12(d), made applicable by Rule 7012. The court scheduled a hearing on the converted motion and set deadlines for supplemental pleadings.

In July 2023, Appellees filed a declaration from US Bank's corporate counsel and custodian of records, William Fogleman, who testified that US Bank was in physical possession of the original promissory note and held it in a secured vault in Eureka, California. Appellees provided documents evidencing the assignments of the deed of trust, Debtor's prior chapter 7 bankruptcy case, and her 2016 lawsuit.

In response, Debtor argued the converted motion should be denied because it was filed by "U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust," an entity which she claimed lacked standing because she separately named "U.S. Bank Trust National Association" and "LB-Igloo Series IV Trust" as defendants in the adversary complaint.[3]

---

[3] It is not clear whether the bankruptcy court addressed this argument, but we find it meritless. The chain of assignments demonstrates that the beneficiary of the deed

Debtor contended that Appellees failed to prove claim preclusion, and she asserted the existence of factual questions regarding whether Appellees could legally foreclose and whether Debtor could prevail on her claims against them. Debtor also requested time to conduct further discovery and she disputed Mr. Fogelman's declaration.[4] She attached a declaration stating that she believed the parties who asked her to sign the 2019 loan modification had possession of the original note, and she would not have agreed to the modification if she knew the original note had been lost.

Debtor also filed an objection to US Bank's proof of claim in the adversary proceeding. She argued that US Bank was not the original creditor, and she again asserted that the original note was lost or destroyed by Countrywide. She claimed that the loan was transferred to the United States Treasury as part of the 2008 "bank and government bailout" and thus, US Bank's proof of claim was false.

The bankruptcy court entered a written order granting summary judgment and dismissing the complaint with prejudice on September 11,

---

of trust was "U.S. Bank Trust National Association, as Trustee of the LB-Igloo Series IV Trust." Regardless of whether Debtor correctly named the beneficiary, she does not dispute Ms. Ghidotti's standing to file the motion, and consequently, the court had jurisdiction to consider the motion and enter the judgment.

[4] Debtor argued that the declaration should be disregarded because it stated that copies of the original deed of trust and note were attached as exhibits, but they were not. Thus, she claimed Appellees failed to demonstrate an adequate basis to grant summary judgment. The court properly relied upon the deed of trust and note because they were already in the record; Debtor attached both documents as exhibits to her complaint.

2023. The court held that Appellees demonstrated standing to foreclose under state law because they presented copies of the promissory note and a sworn declaration that they had physical possession of the original promissory note. The court noted that Debtor failed to present any evidence to controvert the sworn declaration. The bankruptcy court then held that Debtor's complaint was barred under the doctrine of claim preclusion because the 2016 suit involved identical claims, a final judgment on the merits, and privity between the parties. Finally, the court reasoned that even if the claims were not barred by claim preclusion, Debtor failed to present any evidence that would raise even an inference that she could prevail on the merits.

## 2. The stay relief motion

Concurrent with its declaration in support of summary judgment, US Bank filed a motion for stay relief in the main bankruptcy case. It asserted that Debtor was in default and missed 49 mortgage payments totaling approximately $130,000. US Bank alleged that it was not adequately protected, and Debtor lacked equity in the property.

In opposition, Debtor argued that US Bank lacked standing to obtain stay relief, committed perjury by filing its proof of claim, failed to provide all required forms with its proof of claim, and failed to demonstrate it was entitled to enforce the note or deed of trust.

The bankruptcy court held a hearing on the motion for stay relief on September 12, 2023. Two days later, the court entered an order granting

stay relief based on the undisputed evidence that Debtor did not make payments for over three years and lacked equity in the property.

### 3. The motion for reconsideration

On September 22, 2023, Debtor filed a motion for reconsideration of the summary judgment order and the stay relief order, pursuant to Civil Rule 59, made applicable by Rule 9023.[5] She argued that there was a material question of fact whether the original note had been destroyed or lost and whether the United States Treasury was the actual owner of her loan. She asserted a manifest error of law or fact concerning the court's ruling that US Bank had standing to seek stay relief, and she argued the court erred by ignoring state law regarding enforcement of lost instruments.

The bankruptcy court denied the motion for reconsideration because Debtor did not identify an intervening change in the controlling law or newly discovered evidence and Debtor's asserted manifest errors of law or fact were merely her disagreement with the court's orders. The court entered a written order denying Debtor's motion for reconsideration and her motion to modify on October 3, 2023. These timely appeals followed.

---

[5] Debtor filed the motion for reconsideration in the main bankruptcy case and an identical motion in the adversary proceeding titled "Motion to Modify Order Dismissing Adversary Proceeding." The bankruptcy court treated the two motions as a single motion for reconsideration.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G) and (K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by granting summary judgment?

Did the bankruptcy court abuse its discretion by granting stay relief?

Did the bankruptcy court abuse its discretion by denying the motion for reconsideration?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant or denial of summary judgment. *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1125 (9th Cir. 2014). We also review de novo decisions applying claim preclusion. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. 2014).

We review the bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012). We also review for an abuse of discretion the bankruptcy court's denial of a motion for reconsideration. *Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings

10

are illogical, implausible, or without support in the record.

*TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

In these two related appeals, Debtor purports to seek relief from the bankruptcy court's orders granting summary judgment, granting stay relief, and denying reconsideration of both. But in her opening brief, which she filed in both appeals, Debtor makes no argument relevant to the orders granting stay relief or denying her motion for reconsideration.[6] She has thus waived those issues, and we consider only her appeal as it pertains to the court's summary judgment order. *See Smith*, 194 F.3d at 1052 ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n.4 (9th Cir. 1999) (stating that arguments raised for the first time in the reply brief are waived).

### A.    Legal standards

Civil Rule 56(a), made applicable by Rule 7056, provides that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In reviewing summary judgment, we must view the evidence in the light most favorable to the nonmoving party and draw all justifiable

---

[6] Debtor filed a second brief in each appeal, which discusses the stay relief order. We struck the second brief as an unauthorized amended brief. *See* BAP No. 23-1166, Dkt. 24; BAP No. 23-1167, Dkt. 23.

inferences in its favor. *Fresno Motors*, LLC, 771 F.3d at 1125 (citing *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). A fact is material only if it is one that "under the governing substantive law . . . could affect the outcome of the case." *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 760 (9th Cir. 2008) (quotation omitted). A factual dispute is genuine if "a jury could reasonably find in the nonmovant's favor from the evidence presented." *Emeldi v. Univ. of Or.*, 698 F.3d 715, 730 (9th Cir. 2012).

But because Appellees' converted motion for summary judgment was based on claim preclusion and estoppel, the material facts were not in dispute. Thus, our only function is to determine whether the bankruptcy court correctly applied the law. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004).

## B. The bankruptcy court did not err by granting summary judgment and dismissing Debtor's complaint.

Claim preclusion prohibits relitigation of "any claims that were raised or could have been raised" in a prior action between the same parties or their privies. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Claim preclusion requires: (1) an identity of claims; (2) a

12

final judgment on the merits; and (3) the same parties or privity between parties. *Id.*

Debtor offers no argument pertaining to the bankruptcy court's central holding that her claims are barred by claim preclusion. Consequently, she has waived the issue.[7] *See Smith*, 194 F.3d at 1052; *Indep.*

---

[7] Though we "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief," *International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985), here we discern no error by the bankruptcy court. There is no question that the 2016 suit involved a final judgment on the merits, *see Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n. 3 (9th Cir.1990) ("Federal law dictates that a dismissal with prejudice bars a later suit under res judicata."), and involved the same parties or their privies, *see Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) ("nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment. Qualifying relationships include . . . preceding and succeeding owners of property, bailee and bailor, and assignee and assignor." (cleaned up)). To determine whether claims are identical, we consider four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Whether the suits arise out of the same transactional nucleus of facts is the most important criterion. *Id.*

Debtor's claims in the 2016 suit were focused on alleged improprieties in a failed loan modification and whether the entity seeking to foreclose had authority to do so under state law. As part of her factual assertions, Debtor questioned the deed of trust assignments and whether the then-beneficiary possessed the original note. The claims in Debtor's adversary complaint are premised on her allegation that the original note was destroyed or lost in 2008. Thus, the two suits involve the same transactional nucleus of facts, involve the same right, and depend in part on the same evidence.

*Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief.") (citing *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994)).

The bankruptcy court did not err by granting summary judgment based on claim preclusion. Additionally, even if claim preclusion was unavailable, we agree with the bankruptcy court that Debtor failed to raise a genuine issue of material fact.

Debtor argues at length about improprieties by mortgage lenders and alleged complicity by the federal government leading up to the 2008 recession, and she contends that she raised a question of fact regarding whether Countrywide lost or destroyed the original note. But Debtor provided only speculation about the note; she did not present any evidence to raise a genuine dispute of material fact.

Once the movant has come forward with uncontroverted facts entitling it to relief under Civil Rule 56, the burden shifts to the nonmovant to establish that there is a specific and genuine issue of material fact for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 n.3 (1986). The nonmovant "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Barboza v. New Form, Inc. (In re Barboza),* 545 F.3d 702, 707 (9th Cir. 2008) (citation omitted). The nonmovant's evidence must be

probative. Speculation, conjecture, or "metaphysical doubt" is insufficient to defeat a summary judgment motion. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

US Bank provided uncontroverted evidence of its possession of the original note. Debtor failed to demonstrate a genuine issue of material fact, and summary judgment was warranted even if the complaint was not barred by claim preclusion.

**C.    Debtor does not demonstrate any error by the court in granting stay relief or denying her motion for reconsideration.**

Debtor makes no argument on appeal relevant to the orders granting stay relief or denying her motion for reconsideration, and she has thus waived the issues. *See Smith*, 194 F.3d at 1052. And again, we discern no error.

The attachments to US Bank's proof of claim and motion to dismiss established that it had a colorable claim, which is all that is required to establish that it is a party in interest entitled to obtain relief from the automatic stay. *See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 917-18 (9th Cir. BAP 2011). Debtor did not dispute the allegations that she lacked equity in the property or that she had failed to make payments for over three years, and the bankruptcy court did not err by granting stay relief.

We also agree with the bankruptcy court that Debtor failed to establish any basis for reconsideration. Relief under Civil Rule 59(e) should

15

not be granted unless the court is presented with newly discovered evidence, committed clear error, or if there has been an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A party may not use a Civil Rule 59(e) motion to present a new legal theory for the first time, to raise legal arguments which could have been made in connection with the original motion, or to rehash the same arguments already presented. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 F. App'x 718 (9th Cir. 2008).

Debtor's asserted basis for relief was that the court erred by making legal conclusions without a trial of factual issues pertaining to US Bank's possession of the original note. This is merely a rehash of her prior arguments and does not warrant relief under Civil Rule 59. Debtor does not demonstrate any abuse of discretion by the bankruptcy court in granting stay relief or denying Debtor's motion for reconsideration.

## CONCLUSION

Based on the foregoing, we AFFIRM that bankruptcy court's orders granting summary judgment, granting stay relief, and denying Debtor's motion for reconsideration.