NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIEN LE,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>TRINH NGOC HUYNH; HUYNH<br>DINING LLC,<br><br>      Defendants - Appellees. | No. 24-5061<br><br>D.C. No.<br>3:23-cv-00914-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted October 8, 2025[**]
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Plaintiff Dien Le ("Le") appeals the district court's order awarding costs to

defendants Trinh Ngoc Huynh and Huynh Dining, LLC (collectively "Huynh") as

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a condition of granting Le's motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).  We lack jurisdiction, and we dismiss the appeal.

"As a general rule, a plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him."  *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 555 (9th Cir. 1986), *abrogated on other grounds by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990) (en banc).  "[A] condition of costs and attorney's fees does not involve legal prejudice and therefore does *not* render a conditional voluntary dismissal adverse and appealable."  *Id*. 809 F.2d at 556 (emphasis added).

Here, like in *Unioil*, the district court imposed a condition of costs and attorney's fees, and its order is unappealable.

Le argues that this court has jurisdiction and should remand because the district court failed to give him the opportunity to withdraw his motion.  But "a plaintiff who knows or has reason to know that he may withdraw his motion for dismissal will be deemed to have consented to the conditions attached to the voluntary dismissal unless he withdraws his motion within a reasonable time."  *Id.* at 555.  Le was aware, from the district court's June 28, 2024 order, that the district court was contemplating awarding partial costs to Huynh.  In that order, the district court instructed Huynh to submit billing records by July 10, 2024.  Yet Le made no attempt to withdraw his motion and instead chose to appeal after the order

awarding costs was issued.  Moreover, Le was represented by counsel and therefore "should have known" of his option of withdrawing his motion.  *Beard v. Sheet Metal Workers Union, Loc. 150*, 908 F.2d 474, 477 (9th Cir. 1990).

**DISMISSED.**